IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:95-cr-01007-MP

GARY FLOWERS,

    Defendant.
_____/

# **O R D E R**

This matter is before the Court on Doc. 321, "Motion to Protest Conditions of Supervised Release and Violations of Constitutional Law," filed by Defendant Gary Flowers. The Court interprets the motion as a motion to modify the conditions of Defendant's supervised release pursuant to 18 U.S.C. § 3583(e).[1]

Defendant was convicted of possession with intent to distribute crack cocaine. On September 15, 1995, Defendant was sentenced to 180 months in the Bureau of Prisons–later reduced to 90 months–followed by five years of supervised release. See Doc. 234. Defendant was later arrested for failing to complete a mental health counseling program, which was a special condition of his supervised release. Id. On October 23, 2001, the Court entered an order, Doc. 245, postponing disposition of Defendant's case for violation of a condition of his

---

[1] The Court notes that the arguments in Defendant's motion are aimed primarily at the legality of his sentence, which is not a proper consideration under § 3583(e) for modifying or terminating a condition of supervised release. Other procedures, such as direct appeal under 18 U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255, are available to challenge the legality of a condition of supervised release. The Court does not interpret Defendant's motion as a motion to vacate under § 2255, because the period of limitation to bring such a motion has run. See 28 U.S.C. § 2255(f).

supervised release but imposing the following additional condition of his supervised release:

> "The defendant shall participate in a mental health program specializing in a sexual offender treatment program, including submitting to polygraph testing . . . ."

Defendant was again arrested for violation of a condition of his supervised release in January of 2002. Docs. 259 and 264. On September 12, 2002, the petition and order for issuance of an arrest warrant was amended to include a new law violation of dealing in stolen property. Doc. 272. Defendant pled guilty to failing to participate in mental health counseling and no contest to dealing in stolen property. Id. On October 17, 2002, Defendant was sentenced to 12 months of imprisonment, followed by 4 years of supervised release. Doc. 276. The sentence ran consecutively with a state-prison sentence Defendant was serving at that time. The conditions of Defendant's supervised release included sex offender counseling, polygraph testing, a prohibition on unsupervised contact with any child, and a prohibition on residing in the same home as any child. Id.

Defendant now seeks removal these conditions, arguing that it was improper for the Court to impose them, because the crime Defendant was convicted of–possessing with intent to distribute crack cocaine–is not a sex crime. Doc. 321. More to the point, Defendant argues that, when sentencing Defendant for violating the conditions of his supervised release, the Court should not have considered his previous state-court conviction for sexually molesting two children. Id. Defendant claims that he "is being threatened to be reincarcerated if he refuses to participate in a sex treatment program" and "has continuously been . . . harassed by being asked about his past state sex crimes and . . . is being threatened to be reincaracerated in the BOP for not . . . answering questions related to his past state sex crimes." Id. at 2-3.

The Court has consulted with the probation officer in this matter and has again considered the factors listed in 18 U.S.C. § 3553 to determine whether the imposed sentence is appropriate.  Upon consideration, the Court finds that it is not in the interests of justice to modify or terminate any conditions of Defendant's supervised release.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion at Doc. 321 is DENIED.

**DONE AND ORDERED** this   *14th* day of November, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge